THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21CV81975

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

RUN IT RIGHT WEB SOLUTIONS LLC and
LEONARD CORRIGAN a/k/a LENNY
CORRIGAN,

    Defendants.

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants Run it Right Web Solutions LLC ("Run it Right") and Leonard Corrigan a/k/a Lenny Corrigan ("Corrigan") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. Run it Right is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 1239 Belmore Terrace, Wellington, FL 33414. Run it Right's agent for service of process is Leonard Corrigan, 1239 Belmore Terrace, Wellington, FL 33414.

3. Corrigan is an individual who is a citizen of the State of Florida residing at 1239 Belmore Terrace, Wellington, FL 33414.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

8. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

9. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in

creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

10. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

11. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

12. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

13. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "Photography by Robert Stevens" to the bottom left or right corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

## II.     The Work at Issue in this Lawsuit

14.     In 2005, Plaintiff created a professional aerial photograph (titled "Downtown West Palm Beach") (the "Work") of downtown West Palm Beach, FL.

15.     Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management information as follows: "Photography by Robert Stevens." A copy of the Work is exhibited below.



16.     The Work was registered by Plaintiff with the Register of Copyrights on March 13, 2013 and was assigned Registration No. VA 1-850-334. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

17.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

18. Run it Right is (per its website) "a full-service digital marketing agency." Run it Right offers its customers various services, including web design, search engine optimization, optimization, etc.

19. Corrigan (per his LinkedIn page) has spent "[o]ver 15 years working in Web Design and Development, Web Security, and Online Business Marketing." He purports to manage over 200+ clients and oversees a team of web professionals.

20. Corrigan is the sole member and manager of Run it Right. Corrigan has exclusive control over the business activities of Run it Right, including but not limited to the infringing activities that are the subject of this lawsuit.

21. On a date after Plaintiff's above-referenced copyright registration of the Work, Corrigan caused the Work to be published on Run it Right's business Facebook page (at https://www.facebook.com/rirweb/photos/956236091098734) in connection with the marketing of Run it Right's services:



22. In publishing the Work online, Defendants cropped the Work so as to remove Plaintiff's copyright management information. The remaining details of the photograph,

however, unequivocally show the two photographs to be the same. A true and correct copy of screenshots of Run it Right's business Facebook page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

23. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendants on notice that the Work was not intended for public use.

24. Defendants utilized the Work for commercial use – namely, in connection with their marketing and advertising of Run it Right's business.

25. Upon information and belief, Defendants located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

26. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in September 2021. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, however, Defendants have not responded to Plaintiff, thus necessitating the filing of this lawsuit to protect Plaintiff's rights with respect to the Work.

27. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Run it Right)

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

29. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101

*et seq.*).

30. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

31. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Run it Right had access to the Work prior to its own reproduction, distribution, and public display of the Work on its own business Facebook page.

32. Run it Right reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

33. By its actions, Run it Right infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for Run it Right's own commercial purposes.

34. Run it Right's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Run it Right and its founder (Corrigan) purport to have over 15 years of web development experience with active management of 200+ clients. Defendants clearly understand that professional photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

35. Plaintiff has been damaged as a direct and proximate result of Run it Right's infringement.

36. Plaintiff is entitled to recover its actual damages resulting from Run it Right's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Run it Right's profits from

infringement of the Work, which amounts shall be proven at trial.

37. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

38. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Run it Right's conduct.

39. Run it Right's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Run it Right as follows:

a. A declaration that Run it Right has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Run it Right, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Run it Right, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (Corrigan)

40. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

41. As evidenced above, Run it Right infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, publicly displaying, and removing copyright management information from the Work for its own commercial purposes.

42. As the sole member and manager of Run it Right, Corrigan has the right and ability to control the infringing acts of Run it Right, yet declined or failed to stop Run it Right from engaging in its infringing activity – indeed, Corrigan is the individual who caused the infringement to occur.

43. Corrigan obtained a direct financial benefit from Run it Right's infringing activities. As the sole member and manager of Run it Right, Corrigan receives profit distributions therefrom and, upon information and belief, pays himself a salary therefrom.

44. As a direct and proximate result of Corrigan's vicarious copyright infringement, Plaintiff has been damaged. See, e.g. Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement."); LaTele TV C.A. v. Telemundo Communs. Grp., LLC, No. 12-22539-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 43488, at *32 (S.D. Fla. Mar. 26, 2013) ("[P]leading facts sufficient to pierce the corporate veil is not required in order to state a cause of action for vicarious copyright infringement.").

**WHEREFORE**, Plaintiff demands judgment against Corrigan as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining Corrigan, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Corrigan, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

e. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: October 25, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ James D'Loughy, Esq.
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

# EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-850-334**

**Effective date of registration:**

March 13, 2013

---

## Title
**Title of Work:** Downtown West Palm Beach 8/21/2005

## Completion/Publication
**Year of Completion:** 2005
**Date of 1st Publication:** August 21, 2005          **Nation of 1st Publication:** United States

## Author
- **Author:** Affordable Aerial Photography Inc.
  **Author Created:** photograph(s)
  **Work made for hire:** Yes
  **Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Affordable Aerial Photography Inc.
1123 Melinda Lane, Haverhill, FL, 33417, United States

## Rights and Permissions
**Organization Name:** Schneider Rothman Intellectual Property Law Group PLLC
**Name:** Joel B. Rothman
**Email:** joel.rothman@sriplaw.com          **Telephone:** 561-404-4350
**Address:** 5295 Town Center Rd, Suite 202
Boca Raton, FL 33486

## Certification
**Name:** Robert Stevens
**Date:** March 13, 2013
**Applicant's Tracking Number:** 00022

Registration #: VA0001850334
Service Request #: 1-905013346



Schneider Rothman Intellectual Property Law Group PLLC
Joel B. Rothman
5295 Town Center Rd, Suite 202
Boca Raton, FL 33486

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-850-334**

**Effective date of registration:**

March 13, 2013

---

## Title
**Title of Work:** Downtown West Palm Beach 8/21/2005

## Completion/Publication
**Year of Completion:** 2005
**Date of 1st Publication:** August 21, 2005    **Nation of 1st Publication:** United States

## Author
- **Author:** Affordable Aerial Photography Inc.
  **Author Created:** photograph(s)
  **Work made for hire:** Yes
  **Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Affordable Aerial Photography Inc.
1123 Melinda Lane, Haverhill, FL, 33417, United States

## Rights and Permissions
**Organization Name:** Schneider Rothman Intellectual Property Law Group PLLC
**Name:** Joel B. Rothman
**Email:** joel.rothman@sriplaw.com    **Telephone:** 561-404-4350
**Address:** 5295 Town Center Rd, Suite 202
Boca Raton, FL 33486

## Certification
**Name:** Robert Stevens
**Date:** March 13, 2013
**Applicant's Tracking Number:** 00022



Page 1 of 1

EXHIBIT "B"



