UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21CV81975

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

    Plaintiff,

vs.

RUN IT RIGHT WEB SOLUTIONS, LLC
and LEONARD CORRIGAN a/k/a LENNY
CORRIGAN,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Run it Right Web Solutions, LLC ("Run it Right"), by and through undersigned counsel, responds to the Complaint [D.E. 1] of Plaintiff, Affordable Aerial Photography, Inc. ("Affordable"), and states as follows:

### THE PARTIES

1.     Run it Right is without knowledge of the allegations of Paragraph 1 of the Complaint and therefore it is denied.

2.     Run it Right admits the allegations of Paragraph 2 of the Complaint.

3.     Run it Right denies the allegations of Paragraph 3 of the Complaint as stated. Run it Right admits that Mr. Corrigan resides in Wellington, Florida.

### JURISDICTION AND VENUE

4.     Run it Right denies the allegations of Paragraph 4 of the Complaint.

5.     Run it Right denies the allegations of Paragraph 5 of the Complaint.

6. Run it Right denies the allegations of Paragraph 6 of the Complaint as stated. Run it Right admits that conducts business in the Southern District of Florida. Run it Right denies the remaining allegations of Paragraph 6 of the Complaint.

## FACTS

**I.**     **Plaintiff's Business and History**

7. Run it Right is without knowledge of the allegations of Paragraph 7 of the Complaint and therefore they are denied.

8. Run it Right is without knowledge of the allegations of Paragraph 8 of the Complaint and therefore they are denied.

9. Run it Right is without knowledge of the allegations of Paragraph 9 of the Complaint and therefore they are denied.

10. Run it Right is without knowledge of the allegations of Paragraph 10 of the Complaint and therefore they are denied.

11. Run it Right is without knowledge of the allegations of Paragraph 11 of the Complaint and therefore they are denied.

12. Run it Right is without knowledge of the allegations of Paragraph 12 of the Complaint and therefore they are denied.

**13.** Run it Right is without knowledge of the allegations of Paragraph 13 of the Complaint and therefore they are denied.

**II.**     **The Work at Issue in this Lawsuit**

14. Run it Right is without knowledge of the allegations of Paragraph 14 of the Complaint and therefore they are denied.

15. Run it Right admits that there is a photograph "exhibited" in Paragraph 15, which photograph speaks for itself. Run it Right is without knowledge of the remaining allegations of Paragraph 15 of the Complaint and therefore they are denied.

16. Run it Right admits that there is Certificate of Registration attached to the Complaint as Exhibit A, which document speaks for itself. Run it Right is without knowledge of the remaining allegations of Paragraph 16 of the Complaint and therefore they are denied.

17. Run it Right is without knowledge of the allegations of Paragraph 17 of the Complaint and therefore they are denied.

### III. Defendants' Unlawful Activities

18. Run it Right admits the allegations of Paragraph 18 of the Complaint.

19. Run it Right denies the allegations of Paragraph 19 of the Complaint as stated. Run it Right admits that the language of Mr. Corrigan's LinkedIn page speaks for itself.

20. Run it Right denies the allegations of Paragraph 20 fo the Complaint.

21. Run it Right denies the allegations of Paragraph 21 of the Complaint as stated. Run it Right admits that, without knowledge of any copyright issues, Run it Right posted the photograph shown in Paragraph 21 on Facebook.

22. Run it Right denies the allegations of Paragraph 22 of the Complaint. Run it Right admits that there is an Exhibit B attached to the Complaint, which exhibit speaks for itself.

23. Run it Right denies the allegations of Paragraph 23 of the Complaint as stated. Run it Right admits that it was unaware of any copyright issues related to the photo at issue prior to posting. The remaining allegations of Paragraph 23 are denied.

24. Run it Right denies the allegations of Paragraph 24 of the Complaint as stated. Run it Right admits that it posted the photo unaware of copyright issues. The remaining allegations of Paragraph 24 are denied.

25. Run it Right denies the allegations of Paragraph 25 of the Complaint.

26. Run it Right denies the allegations of Paragraph 26 of the Complaint as stated. Run it Right admits that as soon as it was made aware of any copyright issue, the photograph at issue was removed from Facebook.

27. Run it Right denies the allegations of Paragraph 27 of the Complaint.

## COUNT 1 – COPYRIGHT INFRINGEMENT
**(Run it Right)**

28. Run it Right re-adopt and incorporates its responses of Paragraphs 1-27 above as though fully set forth herein.

29. Run it Right denies the allegations of Paragraph 29 of the Complaint.

30. Run it Right denies the allegations of Paragraph 30 of the Complaint.

31. Run it Right denies the allegations of Paragraph 31 of the Complaint as stated. Run it Right admits that without knowledge of any copyright issues it posted the photo at issue and removed it immediately when contacted and made aware of copyright issues by AAP.

32. Run it Right denies the allegations of Paragraph 32 of the Complaint as stated. Run it Right admits that without knowledge of any copyright issues it posted the photo at issue and removed it immediately when contacted and made aware of copyright issues by AAP.

33. Run it Right denies the allegations of Paragraph 33 of the Complaint.

34. Run it Right denies the allegations of Paragraph 34 of the Complaint.

35. Run it Right denies the allegations of Paragraph 35 of the Complaint.

36. Run it Right denies the allegations of Paragraph 36 of the Complaint.

37. Run it Right denies the allegations of Paragraph 37 of the Complaint.

38. Run it Right denies the allegations of Paragraph 38 of the Complaint.

39. Run it Right denies the allegations of Paragraph 39 of the Complaint.

## COUNT 1I – VICARIOUS COPYRIGHT INFRINGEMENT
(Corrigan)

40. Run it Right re-adopts and incorporates its responses of Paragraphs 1-27 above as though fully set forth herein.

41. Run it Right denies the allegations of Paragraph 41 of the Complaint.

42. Run it Right denies the allegations of Paragraph 42 of the Complaint.

43. Run it Right denies the allegations of Paragraph 43 of the Complaint.

44. Run it Right denies the allegations of Paragraph 44 of the Complaint.

WHEREFORE, Run it Right demands entry of judgment providing that Plaintiff take nothing by virtue by their action and that Run it Right go hence without day and awarding Run it Right its attorneys' fees as permitted by the Copyright Code, court costs, and such other and further relief as the Court deems just and proper.

## ALLEGATIONS NOT SPECIFICALLY ADMITTED

Run it Right states that all allegations not specifically admitted herein in this Answer and Affirmative Defenses are hereby denied.

## AFFIRMATIVE DEFENSES

AND for its Affirmative Defenses, Run it Right states as follows:

1. Defendant states that the Plaintiff's claims are barred because the Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed upon work.

2. Defendant states that Plaintiff's claims are barred by 17 U.S.C. § 109, commonly known as the "First Sale Doctrine," and also regularly referred to as "exhaustion." By virtue of the Plaintiff having placed the work at issue into the stream of commerce, by selling it to one or more as bona fide purchasers, the Plaintiff has exhausted its exclusive statutory right to control the

works' reproduction, adaptation, distribution, publication, performance, display, or to exercise any other right or act protected by the Copyright Act. Plaintiff's claims are therefore barred as a matter of law.

3. Defendant states that Plaintiff's claims are barred because the Plaintiff's copyrights are invalid and/or unenforceable because the work in question lack originality and/or the Plaintiff does not own the copyrights to the works in question pursuant to the work for hire doctrine.

4. Defendant states that Plaintiff's claims are barred because the Plaintiff has abandoned the work in question. Upon information and belief, Plaintiff has committed numerous past acts or failures to act from which Defendant can readily infer the Plaintiff's intent to abandon the work in question or the exclusive right to control the works' reproduction, adaptation, distribution, publication, performance, display, or to exercise any other right or act protected by the Copyright Act. Because Plaintiff's past conduct has evidenced an intent to surrender its rights to the work in question, the Plaintiff's claims are barred by the doctrine of abandonment.

5. Defendant states that the Plaintiff's claims are barred in whole or in part because the Defendant acted in good faith and without any intent to infringe upon Plaintiff's work, and without any intent to remove, alter, or provide false copyright management information. Defendant was not aware and had no reason to believe that its use of the work in question, if it occurred at all, constituted an infringement of copyright. Plaintiff's claims are therefore barred in whole or in part by the doctrine of the innocent infringer.

6. Defendant states that the claims at issue are barred by Plaintiff's failure to take all appropriate and necessary steps to maintain protection in the work as issue. For example, Plaintiff's work is in the public domain with the copyright information removed, leading the general public to believe the work is not subject to copyright protection. Plaintiff's failure to take

all appropriate and necessary steps, led the public (and the Defendant) without any prior notification that the work at issue is subject to copyright protection.

7. Defendant states that to the extent Plaintiff suffered any damages, which the Defendant expressly denies, the Plaintiff has failed to take the steps necessary to mitigate the damages allegedly sustained. Plaintiff has failed to mitigate the damages it has allegedly sustained, if any, because the Plaintiff, by and through its conduct and communications with the Defendant or other third parties: (1) licensed the use of the copyrighted work by the Defendant; (2) contributed to the infringement of its own copyright; (3) or demonstrated an intent to forfeit or abandon the copyrights at issue.

8. Defendant states that Plaintiff's claims are barred in whole or in part because Defendant's use of the work in question, if any occurred at all, was de minimis. Under the doctrine of de minimis non curat lex, the copyrighted works utilized by the Defendant were not quantitatively or qualitatively sufficient enough to be legally actionable under the Copyright Act. Plaintiff's claims are therefore barred as a matter of law.

9. Defendant states that Plaintiff's claims for statutory damages under 17 U.S.C. § 504 are barred because the Plaintiff's copyright registration was not made within three months after publication of the allegedly infringed upon work, as required by 17 U.S.C. § 412.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21 2021, under Federal Rule of Civil Procedure 5, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding: James D'Loughy, (james@copycatlegal.com) and Daniel DeSouze (dam@copycatlegal.com), Copycat Legal, PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, Counsel for Plaintiff.

By: /s/ Andrew S. Rapacke
The Rapacke Law Group, P.A.
Florida Bar No. 0116247
1840 N. Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com
Attorneys for Defendants